# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHARLES V. HORN,**

    **Plaintiff,**

v.

    Civil Action 2:12-cv-00267
    **Judge Michael H. Watson**
    **Magistrate Judge E.A. Preston Deavers**

**LITHOPOLIS CITY POLICE DEPARTMENT,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

On April 11, 2012, the Court granted Plaintiff's Application to Proceed Without Prepayment of Fees. This matter is before the Court for consideration of Plaintiff's Motion to Amend as well as an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, Plaintiff's Motion to Amend is **GRANTED**. (ECF No. 6.) It is **RECOMMENDED**, however, that the Court **DISMISS** any potential federal cause of action for failure to state a claim and **DECLINE** to exercise supplemental jurisdiction over any purported state law claim.

### I.

**A.**    **Motion to Amend**

The Court will first consider Plaintiff's April 18, 2012 Motion to Amend. Plaintiff seeks amendment for the sole purpose of adding Fairfield County, Ohio, as a defendant in this action.[1]

---

[1] Because Plaintiff does not actually submit an Amended Complaint, or seek to alter his factual allegations, the undersigned will consider the pleadings within the original Complaint in performing the initial screen.

Pursuant to Federal Rule of Civil Procedure 15(a) a party may amend its pleading once as a matter of right if the amendment occurs within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff has moved within this time period, and, therefore, Plaintiff's Motion to Amend is **GRANTED**. The Clerk is **DIRECTED** to add Fairfield County, Ohio, as a defendant in this action.

**B.     Initial Screen**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[2] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept

3

as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

To the extent Plaintiff brings federal causes of action, it appears he is alleging claims under 42 U.S.C. § 1983 for malicious prosecution, unlawful arrest, or false imprisonment.[3] These claims all require Plaintiff to demonstrate a lack of probable cause. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (holding that to succeed on a malicious prosecution claim under § 1983, "the plaintiff must show that there was a lack of probable cause for the criminal prosecution"); *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) ("[I]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause.") (internal quotations omitted); *Horacek v. Neph*, No. 09–1538, 2012 WL 806055, at *2 (6th Cir. Mar. 13, 2012) (holding that ¶ 1983 claims for false arrest or imprisonment require a plaintiff to "prove that his arrest was not supported by probable cause").

Here, Plaintiff fails to plead sufficient facts to state a facially plausible federal claim. Plaintiff relies primarily on the assertion that he "was unlawfully arrested, incarcerated, and indicted for Agg[ravated] Robbery, Agg[ravated] Burglary, and Theft." (Compl. 3, ECF No. 4.) Such conclusory allegations are clearly insufficient under *Iqbal* and *Twombly*. Plaintiff does further provide that he was incarcerated from February 1, 2010 until May 10, 2012; under electronic monitoring from May 10, 2010 until July 23, 2010; and that the criminal charges were eventually dropped on July 30, 2010. Nevertheless, these pleadings do not provide sufficient detail for the Court to reasonably infer that Defendants arrested, investigated, or prosecuted

---

[3] Plaintiff does not labels his claims, but maintains that he was unlawfully arrested, incarcerated, and indicted for a series of crimes.

Plaintiff without probable cause.[4]  Accordingly, Plaintiff's claims fail to state a federal claim.

Additionally, to the extent Plaintiff is attempting to bring state law claims, the Court should decline to exercise supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction."  The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks*, 577 F.3d at 709 (internal quotations omitted).  Here, it appears the parties are all citizens of Ohio and Plaintiff admits as much in his civil cover sheet.  (*See* ECF No. 3.)  Moreover, for the reasons described above, the Court should dismiss any potential federal causes of action for failure to state a claim. Under these circumstances, the Court should also decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## II.

For the foregoing reasons, Plaintiff's Motion to Amend is **GRANTED**.  (ECF No. 6.)  Pursuant to an initial screen, it is **RECOMMENDED** that the Court **DISMISS** any potential federal cause of action for failure to state a claim and **DECLINE** to exercise supplemental jurisdiction over any purported state law claim.

---

[4] Indeed, "[u]nder federal law, the issuance of an indictment by a grand jury conclusively determines the existence of probable cause." *Davis v. McKinney*, 422 F. App'x. 442, 443 (6th Cir. 2011).

**III.**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: May 1, 2012                                              /s/ *Elizabeth A. Preston Deavers*
                                                                                          Elizabeth A. Preston Deavers
                                                                                          United States Magistrate Judge