**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHARLES V. HORN,**

      **Plaintiff,**

                                      **Civil Action 2:12-cv-00267**
**v.**                                       **Judge Michael H. Watson**
                                       **Magistrate Judge Elizabeth P. Deavers**

**LITHOPOLIS CITY POLICE**
**DEPARTMENT, *et al.*,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who proceeds without the assistance of counsel and *in forma pauperis*, brings claims against the Lithopolis City Police Department, the Fairfield County Sheriff's Office, and Fairfield County, Ohio for malicious prosecution, unlawful arrest, and false imprisonment. Plaintiff filed his original Complaint on April 10, 2012.  (ECF No. 4.)  After conducting an initial screen pursuant to 28 U.S.C. § 1915(e), on May 1, 2012 the Undersigned recommended that Plaintiff's Complaint be dismissed for failure to state a claim.  (ECF No. 8.)  Plaintiff objected to the Report and Recommendation of the Magistrate Judge on May 10, 2012 and included within his objection numerous facts that he had not alleged in the original Complaint. (ECF No. 10.)  The Court construed Plaintiff's Objection as a Motion to Amend Complaint, and granted the Motion on August 13, 2012.  (ECF No. 11.)  On September 13, 2012, Plaintiff filed a "Motion to Submit Amended Complaint," along with a copy of his proposed Amended Complaint.  (ECF No. 13.)  Plaintiff's unopposed Motion to Submit Amended Complaint is **GRANTED**.  (ECF No. 13.)  The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint attached to the Motion as Exhibit 1.  (ECF No. 13-1.)

This matter is now before the Court for an initial screen of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint for failure to state a claim and **DECLINE** to exercise supplemental jurisdiction over any purported state law claim.

## I.  BACKGROUND

For purposes of the initial screen, the Undersigned assumes the following facts contained in Plaintiff's Amended Complaint to be true.  On January 31, 2010, Terry Gatewood, an officer with the Lithopolis Police Department, arrived at Plaintiff's residence with a warrant for his arrest.  Although Plaintiff was not home at the time, several of his family members informed him of Officer Gatewood's visit.  Plaintiff later contacted Officer Gatewood and agreed to go to the Lithopolis Police Department to be interviewed.  During the interview, Officer Gatewood showed Plaintiff a sketch of a man suspected of aggravated burglary.  Officer Gatewood informed Plaintiff that his "name had come up as the perp[etrator]."  (Amend. Compl. 1, ECF No. 13-1)  Plaintiff denied involvement in the crime and provided Officer Gatewood with the names and contact information of several witnesses who could verify that Plaintiff was with them when the crime occurred.  Officers arrested Plaintiff on the spot without attempting to contact any of the witnesses.  According to Plaintiff, he "was charged then indicted solely on having a previous record [and] similar looking features as the culprit."  *Id.* at 2.

While Plaintiff was in jail, on February 3, 2010 a fellow inmate informed him that a man named Jeremy Hedges had admitted committing the crime of which Plaintiff was accused.  Plaintiff immediately notified his lawyer of the new information.  Shortly thereafter Jeremy Hedges was shot and killed by Circleville Police during the alleged robbery of a gas station.

During a March 15, 2010 hearing the prosecutor admitted in open court that he was

2

unsure of Plaintiff's guilt.  The prosecutor informed the court that he "had another potential lead" on the identity of the culprit.  *Id.*  The court nevertheless denied Plaintiff's request for bail. Plaintiff remained incarcerated until May 10, 2010, at which time he was released to a "GPS Monitoring" program.  *Id.*  Plaintiff remained on GPS monitoring until July 23, 2012.  Plaintiff was eventually cleared of the charges.

Plaintiff filed his original Complaint against the Lithopolis Police Department and the Fairfield County Sheriff's Office on April 10, 2012.  (ECF No. 4.)  Although Plaintiff did not label his claims, the Undersigned construed his *pro se* Complaint asserting claims under 42 U.S.C. § 1983 for malicious prosecution, unlawful arrest and false imprisonment.  *See* Order, ECF No. 8 ("To the extent Plaintiff brings federal causes of action, it appears he is alleging claims . . . for malicious prosecution, unlawful arrest, or false imprisonment.").  Plaintiff later sought and was granted leave to add Fairfield County, Ohio as a Defendant.  (ECF No. 8.)

As set forth above, Plaintiff has filed an Amended Complaint.  Although he adds additional facts, Plaintiff still does not set out separate causes of action.  Accordingly, the Court continues to construe the Amended Complaint as alleging claims for malicious prosecution, unlawful arrest and false imprisonment.

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> *     *     *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to

---

[1] Formerly 28 U.S.C. § 1915(d).

'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## III. ANALYSIS

Plaintiff has failed to state a claim upon which relief may be granted. All three of Plaintiff's potential causes of action require him to plead and prove a lack of probable cause. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (holding that to succeed on a malicious prosecution claim under § 1983, "the plaintiff must show that there was a lack of probable cause for the criminal prosecution"); *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) ("[I]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause.") (citation omitted); *Horacek v. Neph*, 466 Fed. App'x 508, 510 (6th Cir. 2012) (holding that § 1983 claims for false arrest or imprisonment require a plaintiff to "prove that his arrest was not supported by probable cause"). An indictment by a grand jury, however, "conclusively establishes the existence of probable cause." *Davis v. McKinney*, 422 Fed. App'x 442, 443 (6th Cir. 2011); *see also Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) ("[I]t has long been settled that the finding of an indictment, fair upon its face, by a properly constituted

grand jury, conclusively determines the existence of probable cause . . . .") (citation omitted);

*Bielefeld v. Haines*, 192 Fed. App'x 516 (6th Cir. 2006) (holding that an indictment by a grand

jury establishes probable cause and precludes liability for malicious prosecution); *Higgason v.*

*Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("[B]ecause [the plaintiff] was indicted pursuant to a

determination made by the grand jury, he has no basis for his constitutional claim.") (citing *Ex*

*parte United States*, 287 U.S. 241, 250 (1932)).  Indeed, the very purpose of a grand jury

indictment is to "insure the existence of probable cause before an accused is brought to trial."

*United States v. Mackey*, 474 F.2d 55, 55 (4th Cir. 1973) *cert. denied*, 412 U.S. 941 (1973).

Although in rare instances a plaintiff may demonstrate the invalidity of an indictment, and thus a

lack of probable cause, a long-standing and "strong presumption exists that the grand jury, which

is under oath, has faithfully discharged its duty."  *United States v. Foster*, 80 F. Supp. 479, 481-

82 (S.D.N.Y. 1948); *see also U.S. v. Toatley*, 2 Fed. App'x 438, 442 (6th Cir. 2001) (noting the

existence of a "presumption that grand jury incitements are valid").  To overcome the

presumption, a plaintiff  "must establish that the indictment was produced by fraud, perjury, the

suppression  of evidence or other police conduct undertaken in bad faith."  *Cook v. McPherson*,

273 Fed. App'x 421, 424 (6th Cir. 2008) (citing *McClellan v. Smith*, 439 F.3d 137, 145 (2nd Cir.

2006)).

        Here, Plaintiff cannot establish that Defendants lacked probable cause for his arrest and

prosecution.  In his Complaint, Plaintiff asserts that a grand jury indicted him on the crimes for

which he was arrested.  (Amend. Compl. 2, ECF No 13-1.)  The indictment "conclusively

establishes the existence of probable cause."  *Davis*, 422 Fed. App'x at 443.  Plaintiff does not

allege facts that would indicate that the grand jury discharged its duties unfaithfully.  Nor does

Plaintiff allege that police undertook the indictment in bad faith.  Thus, the conclusive effect of

the indictment remains undisturbed.  Plaintiff has, therefore, failed to state a claim upon which

relief may be granted.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's claims

be **DISMISSED**.

Additionally, to the extent Plaintiff is attempting to bring state law claims, the Court

should decline to exercise supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), the Court

may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over

which it has original jurisdiction."   The United States Court of Appeals for the Sixth Circuit has

held that "if the federal claims are dismissed before trial . . . the state claims should be dismissed

as well."  *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United

Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Here, it appears the parties are all citizens of

Ohio and Plaintiff admits as much in his civil cover sheet.  (*See* ECF No. 3.)  Moreover, for the

reasons described above, the Court should dismiss any potential federal causes of action for

failure to state a claim.  Under these circumstances, the Court should also decline to exercise

supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. §

1367(c)(3).  The Undersigned, therefore, **RECOMMENDS** that the Court **DECLINE** to

exercise supplemental jurisdiction over any purported state law claims.

## IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling");  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date: October 3, 2012                              /s/ *Elizabeth A. Preston Deavers*

                                          Elizabeth A. Preston Deavers
                                          United States Magistrate Judge